# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN GRAVLEY, JR., | )<br>) |
| Plaintiff, | ) Civil Action No. 08-1125<br>) |
| v. | ) Magistrate Judge Bissoon<br>) |
| ROBERT TRETNIK, *et al.*, | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND OPINION

Steven Gravely, Jr., is a state prisoner currently incarcerated in the State Correctional Institution at Fayette ("SCI-Fayette), located in LaBelle, Pennsylvania. In this prisoner civil rights suit, Gravely alleges that he was denied necessary medical care on May 23, 2008, while in prison. Gravely has filed a Motion for Preliminary Injunction (Doc. 21) asserting that he "jokingly" attempted to kill himself on November 6, 2008, and was placed in a "cement cell" with human waste on the walls and no running water in retaliation for filing this lawsuit. He asserts that, having no running water, he drank his urine on November 8, 2008 (Id., at ¶14). He was moved back to his regular cell on December 12, 2008 (Id., at ¶17). Gravely seeks an order from this Court finding that he has been retaliated against, and also directing that he be provided a typewriter for use in preparing pleadings for this case.

In determining whether injunctive relief is warranted, a court must consider: (1) whether movant has shown a reasonable probability of success on the merits; (2) whether movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F.Supp. 445 (E.D.Pa.1994). It "frequently is

1

observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. Conagra, 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted, emphasis added); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir.2000) (harm may not be speculative).

Even if, as Gravely alleges he has been retaliated against for filing this lawsuit, by his own admission that retaliation has ceased as he was placed back in his normal cell on December 12, 2008. Hence, he has failed to establish immediate, irreparable harm, and his motion must be denied. Likewise, Gravely has shown no irreparable harm stemming from being denied a typewriter for use in this case. Plaintiff may submit pleadings to this court that are printed by hand.

AND NOW, this 11th day of February, 2009, Plaintiff having failed to establish irreparable harm, IT IS HEREBY ORDERED that the Motion for Preliminary Injunction (Doc. 21) is DENIED.

        s/Cathy Bissoon
        Cathy Bissoon
        United States Magistrate Judge

cc:
**STEVEN GRAVLEY, JR.**
GH7466
S.C.I. at Fayette
50 Overlook Drive
Labelle, PA 15450