# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN GRAVELY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1125 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| ROBERT TRETNIK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Steven Gravely has filed this prisoner civil rights case and alleges that he was denied medical care on the night of May 23, 2008, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Specifically, Plaintiff alleges that he was denied immediate medical care for an asthma attack by Defendant Dicia, a nurse, on the evening of May 23, 2008, and that later in the night he again requested treatment, but was told that another nurse, Defendant Filcheck, would charge a $5 fee for coming to his cell (Doc. 5, ¶¶ 15, 21). Plaintiff alleges that he did not receive treatment that night, and that he passed out at some point during the night and injured his head. Plaintiff also alleges that he forwarded an inmate "request to staff" to Defendant Tretnik the following day, but that Defendant Tretnik failed to take any action concerning the earlier denial of treatment (Doc. 5, ¶ 26).

Defendants' Motion to Dismiss relied in part upon an affidavit and exhibits that are not part of the pleadings and, accordingly, the Motion was converted into a Motion for Summary Judgment (Doc. 23). Plaintiff responded with affidavits and exhibits of his own (Doc. 25) and the motion is now ripe.

A.  **Legal Standard**

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*" (Fed. Rule Civ. Proc. 56(e) (emphasis added)), or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry, then, involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., 477 U.S. at 251-52.

B.  **Analysis**

1.  **Exhaustion of administrative remedies.**

No Section 1983 action may be commenced by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). Section 1997e(a) requires an inmate to "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued . . .)." Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir. 2004). "[I]t is beyond the power of this court – or any other – to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000).

The Pennsylvania Department of Corrections Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: (1) the initial grievance submitted to the Facility Grievance Coordinator; (2) an intermediate level of appeal to the Facility Manager; and (3) a final level of appeal to the Secretary's Office of Inmate Grievances

and Appeals.  See Commonwealth of Pennsylvania, DOC, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 § VI.  See also Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir.2000) (outlining the grievance review process).  Here, Plaintiff submitted a grievance that was immediately returned to him for failure to use the name under which he was incarcerated.  He was given five days to correct this mistake.  Defendants have presented evidence that no such amendment was submitted, while Plaintiff has filed an affidavit stating that he did prepare and timely send in an amended grievance.  In any event, it is agreed that Plaintiff thereafter filed an appeal to the Superintendent, which was denied on June 30, 2008.  Again, Defendants have presented evidence that no appeal from the Superintendent's denial of relief was received, while Plaintiff states in his affidavit that he requested an extension of time to provide documents, that he was granted an extension, and that he timely filed a "final level" administrative appeal, but never got a response.

Quite obviously, a genuine issue of fact exists concerning Plaintiff's exhaustion of administrative remedies.  More specifically, it remains disputed whether or not Plaintiff filed a final level administrative appeal to the Secretary's Office of Inmate Grievances and Appeals, which would satisfy the exhaustion requirement.  Thus, the Motion for Summary Judgment will be denied in this respect.

Defendant Filicheck separately argues that she was not identified in the grievance filed by Plaintiff and, therefore, Plaintiff has either failed to exhaust administrative remedies with respect to her, or has procedurally defaulted on any claim against her.  The Supreme Court held in Jones v. Bock, 549 U.S. 199, 217 (2007), that exhaustion is not *per se* inadequate simply because an individual later sued is not named in the prison grievance.  The Court made clear in Jones, however, that the necessity of naming an individual defendant in a grievance will be

governed by the applicable prison grievance procedure. Id., 549 U.S. at 217-18. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Id.

In Spruill v. Gillis, 372 F.3d 218 (3d Cir.2004), the Court of Appeals for the Third Circuit examined the procedural requirements of the Pennsylvania Department of Corrections's grievance system with respect to the naming of future defendants within the contents of the initial inmate grievance. The court held that to the extent that the identity of a defendant is a "fact relevant to the claim," the grievance policy requires that the individual's identification be included in the inmate's statement of the facts on the grievance form. Id., at 234. The applicable regulation, DC-ADM 804, VI. A. 1. 7, requires that an "inmate will include a statement of the facts relevant to the claim, ... the inmate will identify any person(s) who may have information that could be helpful in resolving the grievance." (Doc. 14-2, Ex. 4 at 4-5). The Spruill Court held that "[t]he purpose of the regulation here is to put the prison officials on notice of the persons claimed to be guilty of wrongdoing." Spruill, 372 F.3d at 234. Therefore, Plaintiff here was required to identify "persons who may have information that could be helpful in resolving the grievance." Because Plaintiff did not name Defendant Filcheck in his grievance (Doc. 14-2, Ex. 1), he has failed to properly exhaust administrative remedies with respect to Defendant Filicheck, and she is entitled to summary judgment.

### 3. Supervisory liability.

Defendant Tretnik separately seeks summary judgment on the basis that he is not alleged to have participated in the denial of medications on the night of May 23, 2008. Defendant Tretnik's sole involvement in the matter is alleged to be his involvement in the receipt and denial

of an inmate request complaining about Defendant Dicia's and Defendant Filcheck's actions (Doc. 5, ¶ 26). Supervisory liability may not be premised solely upon a theory of *respondeat superior.* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Rather, some personal involvement of the supervising official must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: (1) participated in violating a plaintiff's rights; (2) directed others to violate a plaintiff's rights; (3) knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or (4) knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir.1995).

A supervising public official has no affirmative duty to supervise and discipline to prevent violations of constitutional rights by his or her subordinates. Notwithstanding, when a supervising official knowingly permits a continuing custom or policy that results in harm to the plaintiff, Section 1983 liability may attach. Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir.1988), cert. denied, 489 U.S. 1065 (1989). However, at a minimum, such liability may be imposed "only where there are both: (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate." Id.

Participation in an administrative review process is an insufficient basis for Section 1983 liability. Jefferson v. Wolfe, 2006 WL 1947721, at *17 (W. D. Pa. 2006) (denial of grievance or appeal on final review insufficient to establish personal involvement in alleged underlying violation); Watkins v. Horn, 1997 WL 566080 at * 4 (E.D.Pa. 1997)(concurrence in an administrative appeal process is insufficient to establish personal involvement). From the face of

the Complaint it is clear that Defendant Tretnik had no involvement in the decisions made during the night of May 23, 2008, when Plaintiff allegedly was denied access to medical care. According to Plaintiff, Defendant Tretinik's involvement was limited to addressing a complaint made by Plaintiff the following day. Defendant Tretnik is, therefore, entitled to summary judgment on Plaintiff's Eighth Amendment claim.

AND NOW, this 13th day of May, 2009,

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants (Doc. 14), that has been converted into a Motion for Summary Judgment, is GRANTED with respect to Defendant Tretnik and Flicheck, but is DENIED as to Defendant Dicia.

s/ Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
STEVEN GRAVLEY, JR.
GH7466
S.C.I. at Fayette
50 Overlook Drive
Labelle, PA 15450