# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN GRAVELY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1125 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| ROBERT TRETNIK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff in this prisoner civil rights case alleges that he was denied necessary medical care while incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette"). Defendant DiCio, a nurse employed at SCI-Fayette, is the sole Defendant remaining in the case, and she has filed a Motion for Summary Judgment (Doc. 48) with respect to Plaintiff's claim that she denied him immediate treatment for an asthma attack on May 23, 2008. Plaintiff has responded (Doc. 52) and the motion is ripe.[1]

### A. Legal Standard

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*" (Fed. Rule Civ. Proc. 56(e) (emphasis added)), or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry, then, involves determining "whether the evidence presents a sufficient

---

[1] The parties have consented to the undersigned exercising jurisdiction in this case (Docs.

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., 477 U.S. at 251-52.

Plaintiff's claim arises under the Eighth Amendment. Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id.

Notably, even where a prisoner suffers from a serious medical condition, he also must present facts that would permit a jury to conclude that the defendant prison officials acted with a sufficiently culpable state of mind. Generally speaking, an **intentional** refusal to provide **any** medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable. Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992). Even where no treatment is provided, there must be facts presented from which an inference may be made that the failure to provide treatment was, in fact, intentional or deliberately indifferent to an inmate's serious medical need. The Supreme Court has explicitly stated that "in the medical context, an **inadvertent** failure to provide medical care" does not rise to the level of deliberate indifference. Gamble, 429 U.S. at 105-106 (emphasis supplied).

**B. Facts**

Plaintiff's version of events is recounted in his declaration (Doc. 52-1). Plaintiff was prescribed an inhaler by a physician's assistant at SCI-Fayette on March 19, 2008, and had one in his possession in his cell at all times (Id., ¶ 7). Plaintiff states that he was "startled" awake in his cell at about 9:00 p.m. on May 23, 20008, trying to breath (Id., ¶ 8). He used the inhaler

once, but it was empty when he attempted to use it second time (Id.). Plaintiff "notified" the officer in the bubble, Sergeant William Lowden, and Lowden informed Plaintiff through the cell intercom that Nurse DiCio "would have [a new inhaler] sent down in the morning." (Id., ¶¶ 8-9). Plaintiff then informed Sergeant Lowden that he was in a "state of emergence" [sic]. Sergeant Lowden asked Plaintiff to wait while he contacted someone, told Plaintiff a few minutes later that he [Sergeant Lowden] was unable to contact the Lieutenant on duty, and that Plaintiff would have to wait until the morning (Id., ¶ 10). Plaintiff then says that he accused Sergeant Lowden of not having called Nurse DiCio at all (Id.). Plaintiff states that, at some unspecified time during the night, he "suffered a state of unconsciousness" (Id.). Plaintiff was issued a new inhaler by a different nurse the following morning, and he told her that he lost consciousness due to his asthma, but the nurse did not believe him (Id., ¶ 12).

Defendant DiCio, in her declaration, states that she was working the 2 p.m. to 10 p.m. shift on May 23, 2008, at SCI-Fayette, and while she recalls someone requesting a new inhaler, she does not recall being told that Plaintiff was suffering from a medical emergency (Doc. 51, Exhibit A, ¶¶ 5, 10). Further, had she been informed that there was a medical emergency, Defendant DiCio insists she would have provided immediate medical attention (Id., ¶ 22). Defendant DiCio left the institution at the conclusion of her shift at 10 p.m. (Id., ¶ 10).

Sergeant Lowden also has provided a declaration (Doc. 51, Exhibit C). He states that he was working the 2 p.m. to 10 p.m. shift on May 23, 2008, but does not specifically recall having any interaction with Plaintiff that night (Id., ¶ 7). Sergeant Lowden does not recall anything "out of the ordinary" that night, and states that a request for a new inhaler would have been forwarded by him to the medical department, and he would have informed Plaintiff that he would have to wait until morning for a new inhaler (Id., ¶ 9). If Gravely had complained of a medical

emergency, however, Sergeant Lowden asserts he would have called and had a nurse examine Plaintiff immediately (Id., ¶ 10). Sergeant Lowden is certain that he did not tell Nurse DiCio that Plaintiff was suffering from a medical emergency because he would recall if such a situation had occurred (Id., ¶ 12).

### C. Analysis

Analysis of this case is straightforward. In order to hold Defendant DiCio liable for failing to provide Plaintiff with immediate medical treatment on May 23, 2008, Plaintiff must provide evidence from which a jury could conclude that she was aware that he was suffering a condition requiring immediate medical care, but chose not to act, or was deliberately indifferent to Plaintiff's need for immediate attention. In Farmer v. Brennan, 511 U.S. 825, 836 (1994), the Supreme Court explained that the term "deliberate indifference" lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." More specifically:

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official **knows of and disregards an excessive risk to inmate health or safety**; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

511 U.S. at 837 (emphasis added).

Here, Plaintiff's account of events seems to suggest that Sergeant Lowden never contacted Nurse DiCio on May 23, 2008, but instead decided himself that Plaintiff's inhaler could be replaced the following morning. This would be consistent with Nurse DiCio's lack of memory of any request for medical attention. However, even accepting Plaintiff's assertion that Sergeant Lowden **did** contact Nurse DiCio, Plaintiff has presented no evidence that Sergeant Lowden ever communicated to Nurse DiCio that Plaintiff was suffering from a medical emergency. Plaintiff himself states that he told Sergeant Lowden of his "state of emergence"

only **after** Lowden had already spoken to Nurse DiCio (Doc. 52-1, ¶ 10). Sergeant Lowden did not then contact Nurse DiCio again but, according to Plaintiff's account, Sergeant Lowden instead tried to contact the Lieutenant on duty who had already left for the night (Id.).

In short, no reasonable jury could find, on the evidence presented by the parties, that Nurse DiCio was ever aware that Plaintiff needed immediate medical attention. Rather, the evidence demonstrates that Nurse DiCio was informed that someone needed a new inhaler, and she made arrangements for that inhaler to be delivered the following morning. Nurse DiCio was never informed that Plaintiff needed immediate medical attention and, therefore, she cannot be found to have been aware that Plaintiff was at risk of serious harm and cannot have chosen to disregard that risk. Farmer, 511 U.S. at 837.

AND NOW, this 24th day of June, 2010,

IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by Defendant DiCio (Doc. 48) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to correspond with witnesses (Doc. 55) is DENIED AS MOOT. None of the witnesses identified by Plaintiff can testify concerning the information available to Defendant DiCio on the evening of May 23, 2010.

s/ Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
STEVEN GRAVLEY, JR.
GH7466
S.C.I. at Fayette
50 Overlook Drive
Labelle, PA 15450