IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN GRAVLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1125 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ROBERT TRETNIK, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Before this Court is Plaintiff Steven Gravely, Jr.'s ("Plaintiff"), motion to compel discovery. (Docs. 65-66). In it, he seeks this Court to compel Defendants to "reanswer [P]laintiff's requests for admissions, interrogatories, and productions of documents." (Doc. 65 at 1). Beyond his generally-articulated displeasure with the content of Defendants' initial responses to his discovery requests, Plaintiff attaches a letter that he sent to counsel for Defendants, in which he explicitly asks for copies of a DC-17X file relating to the period of time relevant to this case, as well as a list of inmates housed in Plaintiff's pod during said period of time. (Doc. 66-1 at 1)

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501 (1947). The polestar of discovery is relevance. Relevance for discovery purposes is defined broadly. See Rega v. Beard, No. 08-156, 2010 WL 2404420, at *1 (W.D. Pa. June 10, 2010) (Bissoon, Mag. J.).

-1-

Rule 37 of the Federal Rules of Civil Procedure allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. However, "[t]he party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Opinion One Mortg. Corp. v. Fitzgerald, No. 3:07-cv-1877, 2009 WL 648986, at *2 (M.D. Pa. Mar 11, 2009) (internal citations and quotes omitted). Additionally, discovery may be properly limited where

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff's general dissatisfaction aside, unless he can point to some reason why the information contained in the responses is deficient under the discovery rules, his motion to compel general redrafts of Defendants' responses to his discovery requests must be denied. However, his filings identify only two issues with any sort of specificity. These also appear to be the only two discovery issues that Plaintiff has attempted to resolve with Defendants. See (Doc. 66-1); see also Fed. R. Civ. Pro. 37(a)(1) (requiring parties to confer or attempt to confer in good faith to resolve discovery disputes prior to seeking court intervention). The first is the

production of relevant DC-17X files.[1] See (Doc. 66-1). These were provided as part of Defendants' motion for summary judgment, and therefore this issue is moot. (Doc. 72-7 at 1-3).

Plaintiff's filings also indicate that he asked for the names of other inmates that were housed on his pod when the incident took place, and that Defendants allegedly objected to this request as overly broad, unduly burdensome, and not kept in a manner in which they easily could be obtained. (Doc. 66 at 1). Given that the incident giving rise to this litigation occurred in May of 2008, this argument is persuasive. Additionally, providing these names to Plaintiff implicates institutional security. This Court notes the high level of deference that must be given to prison officials with respect to the day-to-day operation of their facilities. See Tilley v. Allegheny Cnty. Jail, No. 09-299, 2010 WL 1664900, at *5 (W.D. Pa. Feb.18, 2010) (internal citations omitted). This is especially true when those operations relate to institutional security. See Wolff v. McDonnell, 418 U.S. 539, 566 (1974); see also Bell v. Wolfish, 441 U.S. 520, 547-48 (1979). Providing the name of a potential inmate witness – especially one who appears to have chosen not to present himself to Plaintiff, risks the safety of that inmate witness, and the security of the institution as a whole. Given that Plaintiff clearly is aware of the names of inmates who have been willing to involve themselves in this case, see (Doc. 40 ¶ 3); see also Decl. of Andre Jacobs (Doc. 74-13), issues of institutional safety outweigh whatever admissible information might be provided by the disclosure of these names. Accordingly, Plaintiff's motion with respect to this information will be denied.

---

[1] Indeed, these files were the subject of Plaintiff's prior motion to compel discovery, which was denied. See (Docs. 36 and 42).

Finally, Plaintiff moves that Defendants be sanctioned. Given that Plaintiff's motion to compel discovery will be denied for the reasons articulated above, the undersigned concludes that sanctions would be inappropriate at this time.

AND NOW, on this 28th day of December, 2011,

IT IS HEREBY ORDERED that Plaintiff's motion to compel discovery and for sanctions (Doc. 65) is DENIED.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc:
**STEVEN GRAVLEY, JR.**
901 Carlise Street
Philadephia, PA 19130