## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN GRAVLEY, JR.,          )
                                   )
             Plaintiff,       )
                                   )      Civil Action No. 08-1125
                      v.            )      Judge Cathy Bissoon
                                   )
ROBERT TRETNIK, *et al.*,      )
                                   )
             Defendants.    )

## MEMORANDUM OPINION

For the reasons stated below, Defendants' motion for summary judgment (Doc. 69) will be granted.

Steven Gravely, Jr. ("Plaintiff"), brings the instant lawsuit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq.*, alleging violations of the Eighth Amendment to the Constitution of the United States. Compl. (Doc. 5 at 6). Plaintiff also brings state law claims of medical malpractice and negligence against Defendants. Id. ¶ 25. This suit commenced when Plaintiff placed the complaint in the prison mail system on August 7, 2008. Id. at 12. Plaintiff was granted leave to proceed in forma pauperis ("IFP") on August 12, 2008. (Doc. 4).

On May 13, 2009, this Court granted summary judgment to Defendants Filcheck[1] and Tretinik.[2] (Doc. 26 at 6). Summary judgment was granted in favor of Defendant DiCio on June 24, 2010. (Doc. 57 at 5). Plaintiff timely filed notice of appeal on July 6, 2010 (Doc. 59).

---

[1] The basis for granting summary judgment in favor of Defendant Filcheck was that the record appeared to indicate that Plaintiff had procedurally defaulted his claims against her. (Doc. 26 at 4).

[2] The basis for granting summary judgment in favor of Defendant Tretinik was this Court's interpretation that the complaint did not include allegations of his personal involvement in the constitutional deprivations allegedly suffered by Plaintiff. Id. at 4-5.

On February 23, 2011, the United States Court of Appeals affirmed the judgment of this Court

with respect to Defendant DiCio, but vacated and remanded with respect to Defendants Filcheck

and Tretinik.[3]  (Doc. 62); (Doc. 64-1).  Defendants Filcheck and Tretinik once again moved for

summary judgment on July 25, 2011.  (Doc. 69).  Plaintiff responded to this motion on

August 22, 2011.  (Docs. 73 and 74).  This issue is ripe for disposition.


    A.  <u>Material Facts</u>

At all times relevant to the complaint, Plaintiff was an inmate incarcerated at the State

Correctional Institution at Fayette ("SCI-Fayette"), located in LaBelle, Pennsylvania.  (Doc. 5 ¶

3).  Prior to the incident giving rise to this lawsuit, plaintiff had been diagnosed as suffering from

asthma, and had been prescribed an albuterol inhaler by prison medical staff to treat his

symptoms. (Doc. 71 ¶¶ 14-21); (Doc. 73 at 2).   On the evening of May 23-24, 2008, Plaintiff,

who was housed in the prison's Restricted Housing Unit ("RHU"), contacted Corrections Officer

Lowden and requested a refill of his albuterol inhaler.  (Doc. 71 ¶¶ 3-4, 24-25); (Doc. 73 at 1-2).

Plaintiff alleges that Corrections Officer Lowden contacted medical personnel, and was informed

by former Defendant DiCio that she would check Plaintiff's chart, and if he were due to be

provided with a new inhaler, one would be brought to him in the morning.  (Doc. 5 at 23); (Doc.

74-12 at 2) (Doc. 74-14 ¶ 10).

―――――――――――――――

[3] The Court of Appeals' decision with respect to Defendant Filcheck was limited to the
determination of this Court that Plaintiff had procedurally defaulted his claims against her.  (Doc
64-1 at 4-5).  With respect to Defendant Tretinik, the Court of Appeals remanded solely on the
issue of whether this Defendant had knowledge that Plaintiff was receiving inadequate medical
care.  <u>Id.</u> at 5.  It is important to note that the Court of Appeals held that, to the extent that
Plaintiff's claims against him were based on the alleged misconduct of his subordinates,
summary judgment in favor of Defendant Tretinik was proper.  <u>Id.</u>

Plaintiff further alleges that, later that night, he asked Corrections Officer Luster to contact medical personnel, because he was "having trouble breathing and [was] jittery." (Doc. 5 ¶ 20). Corrections Officer Luster allegedly spoke with Defendant Filcheck, who then allegedly replied that, if she had to visit Plaintiff to provide treatment, Plaintiff would be charged a five-dollar co-pay. Id. ¶¶ 21. While Plaintiff asserts that this charge would be contrary to Department of Corrections policy, he asked Corrections Officer Luster to request Defendant Filcheck to come to his cell. Id. ¶ 21. Plaintiff allegedly lost consciousness shortly thereafter, and did not wake again until that morning at about 5:45, at which time he was suffering from a "severe head injury." Id. ¶¶ 22-23. Plaintiff further alleges that he was given a new albuterol inhaler by a nurse at 6:30, but that he was not treated for his head injury. Id. ¶ 23. Plaintiff filed a "request to staff" form with Defendant Tretinik complaining of the incident, but never received a response. Id.

Corrections Officer Luster, as well as Defendant Filcheck, assert that they have no recollection of any medical emergency involving Plaintiff occurring on the night of May 23-24, 2008. (Doc. 71 ¶¶ 28-30, 34); (Doc. 72-5 ¶¶ 7, 10); (Doc. 72-6 ¶¶ 7, 12, 14); (Doc 74-2 at 2-3); (Doc. 74-4 at 2-3). However, they aver that, if Plaintiff had suffered a medical emergency, it would be reflected in his medical records and other documentation. (Doc. 71 ¶ 29); (Doc. 72-5 ¶ 7). They also indicate that, had a medical emergency occurred, they would have taken appropriate action. (Doc. 72-5 ¶ 8); (Doc. 72-6 ¶¶ 8, 13). None of the medical records or other documents submitted with respect to the instant motion indicate that Plaintiff suffered any type of emergency during the night in question – although it is undisputed that he received a new albuterol inhaler on May 24, 2008. (Doc. 71 ¶ 32); (Doc. 5 ¶ 23).

B.  <u>Eighth Amendment Analysis</u>

Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1978).  In order to succeed on a claim of denial of medical treatment in violation of his Eighth Amendment rights, an inmate must show: (1) that he was suffering from a "serious" medical need; and (2) that the prison officials were "deliberately indifferent" to the serious medical need. <u>Id.</u>  With respect to the first element of this standard, a medical need qualifies as "serious" when, for example, "it . . . has been diagnosed by a physician as requiring treatment." <u>Monmouth Cnty Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987).  A medical need also may be "serious" if it is so obvious that even a layperson would recognize the need for a doctor's attention. <u>Morrison v. Phillips</u>, No. 06-812, 2008 WL 4308215, at *13 (D.N.J. Sept. 16, 2008) (quoting <u>Johnson v. Snyder</u>, 444 F.3d 579, 584-85 (7th Cir. 2006)).

With respect to the second element – deliberate indifference – the Supreme Court has adopted a subjective approach. <u>Farmer v. Brennan</u> 511 U.S. 825, 842 (1994).  This standard requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837; <u>see also</u> <u>Natale v. Camden Cnty. Corr. Facility</u>, 318 F.3d 575, 582 (3d Cir. 2003) (quoting <u>Farmer</u>, 511 U.S. at 837).  The United States Court of Appeals for the Third Circuit has held that deliberate indifference may be demonstrated in several scenarios, including "when a doctor is intentionally inflicting pain on [a] prisoner," and when the denial of "reasonable requests for medical treatment . . . exposes the inmate to undue suffering[.]" <u>Spruill v. Gillis</u>, 372 F.3d 218, 235 (3d Cir. 2004) (internal quotation marks and citations omitted).  This standard also is met when "a prison official . . . knows of a prisoner's need for medical treatment but intentionally

4

refuses to provide it" or "delays necessary medical treatment based on a nonmedical reason." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  However, acts that would rise only to the level of medical malpractice, or mere disagreement over a course of treatment, are not violations of the Eighth Amendment.  Spruill, 372 F.3d at 235.  Additionally, "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause."  Farmer, 511 U.S. at 845.

Applying this standard to Plaintiff's Eighth Amendment claim against Defendant Filcheck, it is apparent that the record is devoid of any evidence that she ever was informed that Plaintiff was experiencing a medical emergency on the night of March 23-24, 2008.  Plaintiff has not met his burden to demonstrate deliberate indifference on the part of this Defendant.[4]  As a result, summary judgment will be granted in her favor.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case and for which that party will bear the burden of proof at trial).

Similarly, Plaintiff has failed to adduce evidence of deliberate indifference on the part of Defendant Tretinik.  Plaintiff's own allegations indicate that he woke at about 5:45 on May 24, 2008, and was provided a new albuterol inhaler about 45 minutes later.  (Doc. 5 ¶ 23); (Doc. 72-2 at 53).  Given the timeline provided by Plaintiff, his request to Defendant Tretinik – which was sent on the same day – could not plausibly have been received by this Defendant until after Plaintiff had been given his medicine.  Additionally, a review of this request itself shows that Plaintiff's complaints were related only to his delay in receiving his new inhaler.  Nowhere

---

[4] This is the same basis for the grant of summary judgment in favor of former Defendant DiCio, which was affirmed by the Court of Appeals.  See (Doc. 57 3-5).

in this document does Plaintiff ever mention losing consciousness and injuring his head, much less that he was not receiving treatment for an alleged head injury.  See (Doc. 5 at 17-21).  Indeed, Plaintiff's administrative grievance of the issue, which was submitted as an attachment to the complaint, does not mention a head injury until he filed his first level appeal on June 18, 2008, in which Plaintiff made a reference to having a "crazy head ache[.]"  Id. at 22-25.

Once a prisoner is under the care of medical personnel, a non-medical prison official cannot be considered to be deliberately indifferent merely for failure to respond to a prisoner's medical complaints.  Spruill, 372 F.3d at 236 (citing Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993)).  "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."  Spruill, 372 F.3d at 236.  Here, the record indicates that Plaintiff had received medical treatment for all of the issues of which he complained to Defendant Tretinik well before he brought them to his attention.  Accordingly, he cannot, as a matter of law, demonstrate deliberate indifference on the part of this Defendant.

C.  State Law Claims

Defendants move for summary judgment on Plaintiff's state law claims against them because Plaintiff has not filed the certificate of merit required by Pennsylvania Rule of Civil Procedure 1042.3.  Under Rule 1042.3, a plaintiff in "any action based upon an allegation that a licensed professional deviated from an acceptable professional standard" must file a certificate of merit that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment,

practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." Pa. R. Civ. P. 1042.3. This certificate of merit requirement is a matter of substantive law that must be applied by this Court when considering claims based on state law. Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011).

Pennsylvania Rule of Civil Procedure 1042.6 requires that parties seeking dismissal against a plaintiff for non-compliance with Rule 1042.3 must provide notice to the plaintiff. Federal courts have treated the filing of motions to dismiss as being sufficient to fulfill this requirement, see, e.g., Harris v. Hershey Med. Ctr., No. 1:08-cv-843, 2009 WL 2762732, at * 7 (M.D. Pa. Aug. 27, 2009), and this Court can contrive of no reason why a motion for summary judgment cannot also fill this role. As Plaintiff has not filed a certificate of merit, has been appraised of the procedural deficiencies of his state law claims,[5] and has failed to respond to this argument in any way, his state law claims cannot proceed. Additionally, it is clear that Plaintiff's claims are well outside of the applicable statute of limitations, 42 Pa. Cons. Stat. § 5524, and thus are procedurally barred. As a result, summary judgment on Plaintiff's state law claims will be granted in favor of Defendants.

An appropriate order will follow.

Dated: March 9, 2012                         BY THE COURT:


                                             s/Cathy Bissoon
                                             CATHY BISSOON
                                             UNITED STATES DISTRICT JUDGE

---

[5] Indeed, Plaintiff first was informed of his failure to comply with this Rule on November 7, 2009, when former Defendant DiCio filed her motion for summary judgment. (Doc. 49 at 11 n.4).

cc:
**STEVEN GRAVLEY, JR.**
901 Carlise Street
Philadelphia, PA 19130